GALVESTON, H. & S. A. RY. CO. v. KING.
(No. 332.)

(Court of Civil Appeals of Texas. El Paso. Feb. 25, 1915. Rehearing Denied March 18, 1915.)

1. MASTER AND SERVANT ⬤=11—REGULATION OF RELATION—STATUTES—VALIDITY.
    Blacklisting Law (Acts 31st Leg. c. 89), compelling a corporation to give a discharged employé a statement of the cause of discharge, is unconstitutional.
    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤=11.]

2. APPEAL AND ERROR ⬤=856—JUDGMENT—VALIDITY — THEORY OF CASE IN TRIAL COURT.
    A judgment for plaintiff predicated solely on an unconstitutional statute cannot be sus-

tained on the theory that the petition showed a common-law right of recovery.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3406–3424, 3429–3434; Dec. Dig. ⬤=856.]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Frederick W. King against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Beall, Kemp & Nagle, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Burges & Burges, of El Paso, for appellee.

HIGGINS, J. King sued the Galveston, Harrisburg & San Antonio Railway Company to recover damages for its alleged failure and refusal to issue to him a true statement of the reasons why he was discharged from appellant's service, he having made demand therefor, under the provisions of chapter 89, Acts of 1909, commonly known as the "Blacklisting Law." Plaintiff alleged: That he was a railway brakeman, and for a number of years had been in the service of the appellant as such, and up to March 12, 1912, upon which date he was discharged. That it was the duty and custom of defendant to keep a record of services rendered by its employés and a custom and duty of issuing certificates of service to employés when they quit or were discharged; such certificates to be based upon the character of service rendered, and the record thereof kept by the employer. That, under the law of this state and said custom, it was the duty of defendant to issue to him a true statement of the character of service performed by him and a true statement of the cause of his discharge. That it was the custom and practice of defendant and other railway companies to require applicants for positions to show service letters, and, where it appeared from the service letter or certificate of service that the applicant for a position had been discharged for adequate cause, of refusing to employ him. That he had been diligent and faithful in the discharge of his duties and had discharged all of his duties in a skillful, prudent, and careful manner. That on March 9, 1912, he was discharged from defendant's employ, receiving certificate of service as follows: "Services generally unsatisfactory. Date of leaving service and cause: March 9th, 1912; services no longer required." That thereafter, to wit, on July 1, 1912, he asked the superintendent of defendant for another certificate of service, which request was refused. That, since his discharge, he has sought employment as a railway brakeman from other railways, and, because of the statements made in his certificate of discharge, he was not able to secure employment on other roads. That the state-

ments contained in the certificate were false and fraudulent, and issued to him with the knowledge and purpose on the part of defendant and his superintendent that it would prevent plaintiff from securing employment as a railway brakeman or trainman with other railway companies. That he notified defendant of the consequences of the issuance to him of said certificate in the form in which it was issued. That defendant had failed and refused to grant his request for another certificate showing or designating any particular wherein his services were unsatisfactory, as by law and custom the defendant was bound to do. That his request so denied by defendant was unlawful, deliberate, and with malicious intent on its part, and for the purpose of injuring and damaging him and to prevent him from securing employment in his chosen profession. Whereby he had been damaged in the sum of $18,-000, for which he prayed judgment.

[1] The cause was tried before a jury and submitted under the provisions of the law above mentioned and resulted in verdict and judgment in King's favor.

In the recent case of St. Louis & Southwestern Railway Co. of Texas v. Thomas A. Griffin, 171 S. W. 703, our Supreme Court has held that the act in question is unconstitutional, and, under the authority of that case, it becomes our duty to reverse and remand, since the charge of the court submitting to the jury the appellee's right of recovery was predicated entirely upon the act mentioned.

[2] It is insisted that the allegations of the petition show a common-law right of recovery. As to this, we express no opinion, as the question is not now before us. If he has such right, it is but proper that the cause should be reversed and remanded for retrial, rather than rendered, and it will be so ordered.

Reversed and remanded.

WALTHALL, J., did not sit in this case.